IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff

    Vs.                                                  No. 05-40026-01-SAC

ELI ALAN ELBERT,

                Defendant

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion in limine (Dk. 17) pursuant to Fed. R. Evid. 403 and 404. This motion seeks to exclude testimony from proposed witness Phillip Cherry to the effect that defendant, after his arrest on the current charge, called Mr. Cherry from jail and threatened to put a bullet in his head.

A defendant's threat against a potential witness is admissible under Rule 404(b) for the purpose of showing consciousness of guilt if a direct connection is established between the defendant and the threat. *See United States v. Nichols*, 374 F.3d 959, 967 (10th Cir. 2004); *United States v. Smith*, 629 F.2d 650, 651 (10th Cir.1980), *cert. denied,* 449 U.S. 994 (1980); *United States v. Esparsen*, 930 F.2d 1461, 1476 n. 16 (10th Cir.1991), *cert. denied* 502 U.S. 1036

(1992) (consciousness of guilt relevant to motive, intent, plan, and knowledge under Rule 404(b) such that threats properly admissible).   Because a direct connection is shown here, the threat will not be excluded under Rule 404(b).

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Unfair prejudice within the meaning of Rule 403 "means an undue tendency to suggest decision on an improper basis," commonly an emotional one, wholly apart from the accused's guilt or innocence of the crime charged.  *United States v. Tan*, 254 F.3d 1204, 1211- 12 (10th Cir .2001) (quotation and citation omitted).  The court finds the argument that this evidence will be substantially more prejudicial than probative to be without merit.

IT IS THEREFORE ORDERED that defendant's motion in limine (Dk. 17) is denied.

Dated this 29th day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge